1 Andrew D. Smith, State Bar Number 189370
2 Grace S. Johnson, State Bar Number 303607
  Smith & Johnson Law, APC
3 115 W. Walnut #3
  Lodi, CA 95240
4 Telephone: (209) 333-9292
  Fax: (209) 367-8884
5
6 Attorneys for Ruben Landa Alvarez and Maria Juanita Gomez-Alvarez

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA-MODESTO DIVISION

| In Re: | Case No. 2023-90073 |
|---|---|
| Ruben Landa Alvarez and Maria Juanita Gomez-Alvarez | Chapter 13 |
| Debtors. | DCN: GSJ-001 |
| | **MOTION TO EXTEND AUTOMATIC STAY** |
| | Date: March 14, 2023 |
| | Time: 1:00 p.m. |
| | Courtroom: Suite 200 |
| | Place: 1200 I Street, Suite 200, Modesto, CA |
| | Judge: Hon. Christopher D. Jaime |

**MOTION TO EXTEND THE AUTOMATIC STAY PURSUANT TO
11 U.S.C. 362(c)(3)(B) AS TO ALL CREDITORS TO ALL PARTIES IN INTEREST:**

Debtors, Ruben Landa Alvarez and Maria Juanita Gomez-Alvarez, by and through their attorney of record, Grace S. Johnson, respectfully move this court for an Order Extending the Automatic Stay pursuant to 11 U.S.C. 362(c)(3)(B), as to all creditors in the above captioned case. This motion is made pursuant to 11 U.S.C. 362(c)(3)(B) and Local Bankruptcy Rule 9014-1(f)(2) and based on these moving papers, the debtors' declaration, the records and pleadings on

file herein, and upon such other oral and documentary evidence as may be presented at the hearing on this motion.

## I. PROCEDURAL HISTORY

1. Debtor Ruben Landa Alvarez filed a previous Chapter 13 case, case # 20-90342 on May 13, 2020, which was dismissed on or about January 13, 2023 for failure to make plan payments or to file an amended plan and set it for hearing.

2. The current Chapter 13 case was filed on February 23, 2023. The instant motion to extend the automatic stay is scheduled to be heard before the expiration of the initial 30 day automatic stay, as required by statute (see In re Taylor, 334 B.R. 660 (Bank. D.Minn. 2005).

3. The instant motion is being filed within 30 days of the filing of the instant chapter 13 case (see In re Thomas, B.R. 2006 WL 278544).

4. The debtor will file a Chapter 13 Plan within the 14-day window of filing the Chapter 13 bankruptcy petition, which plan is confirmable and likely to successfully complete given the debtor's income and expenses. See Exhibits filed with this motion.

5. The new plan will provide for payment of attorney's fees, vehicle payments, mortgage payment and arrears.

## II. ARGUMENT

11 U.S.C. 362(c)(3)(A) limits the automatic stay to thirty (30) days after the filing of the later case when the Debtor has filed one prior case that has been dismissed without prejudice within the past year. The Code also allows for the extension of the automatic stay upon motion of a party in interest within thirty (30) days of filing of the most recently filed case. 11 U.S.C.

362(c)(3)(B). The Code section goes on to explain the moving party must demonstrate that the most recently filed case has been filed in good faith. In re Sarafoglou, 345 B.R. 19 (Bankr. D. Mass. 2006), provides a test to evaluate whether a second bankruptcy filing was filed in bad faith and therefore not subject to the extension of the automatic stay. The factors are: (1) whether the case was filed to "obtain legitimate bankruptcy law protection;" (2) whether the debtor "is eligible for such protection and relief; (3) whether the debtor "is pursuing such protection and relief honestly;" and (4) whether the debtor "has sufficient resources to render the pursuit meaningfully."

Good cause exists for the granting of the Motion to Extend Automatic Stay as to all creditors in this case. The extension is necessary to protect the debtor's assets. The instant case was filed in order to cure pre-petition arrears owed on the primary residence and to stop the foreclosure of debtor's home. The debtors receive regular employment income. Debtors' Schedule I will reflect that they project to earn enough income to cover thier necessary obligations in addition to the proposed chapter 13 plan payments. Debtors' Schedule J reflects reasonable and necessary expenses, allowing for the ability to fund the current plan, and obtain a discharge (See In re Charles, 334 B.R. 207, 219 (Bank. S.D.Tex. 2005)). Lastly, there is no indication that the Debtors have engaged in any type of scheme or other operation to abuse the bankruptcy process.

Debtor's first filing was dismissed for failure to pay plan payments or file a new plan and set it for hearing. See Declaration of Debtor in support of this motion filed concurrently with this motion.

Motion

### III. CONCLUSION

Although the dismissal of the debtor's previous case raises the presumption of bad faith, the debtor asserts that he has satisfactorily shown that the instant case was filed in good faith, and that there is sufficient justification to extend the automatic stay as to all creditors.

WHEREFORE, Debtor prays that this Court issue its Order Extending the Automatic Stay as to all creditors in the above captioned case.

Date: 2/27/2023         /s/ Grace S. Johnson
                        _____
                        Grace S. Johnson, Attorney for Debtor

Motion